UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re: TWIN PINES, LLC, a
New Mexico limited liability company,

No. 19-10295-j11

    Debtor.

RICHARD AGUILAR,
    Plaintiff,

v.

TWIN PINES, LLC, JOHN PACHECO, and
FIRST NATIONAL BANK,
    Defendants,

FIRST ALAMOGORDO BANCORP OF
NEVADA, INC., d/b/a FIRST NATIONAL
BANK,
    Counterclaim/Cross-Claim Plaintiff,

v.

Adversary No. 25-1018-j

RICHARD AGUILAR, Counterclaim
Defendant, and JOHN PACHECO,
    Crossclaim Defendant,

FIRST ALAMOGORDO BANCORP OF
NEVADA, INC. d/b/a FIRST NATIONAL BANK,
    Third-Party Plaintiff,

v.

MICHAEL W. BOWEN, JASON E.
EDMISTER, VALORIE EDMISTer, an
ANDREA PACHECO,
    Third-Party Defendants.

## **MEMORADUM OPINION**

    Debtor Twin Pines, LLC ("Twin Pines") initiated this Adversary Proceeding by filing a

Notice of Removal to the United States Bankruptcy Court ("Removal Notice" – Doc. 1), which

removed a civil action pending in the Twelfth Judicial District Court, State of New Mexico,

Lincoln County (the "State Court"), as Case No. D-1226-CV-2017-00232 (the "State Court Action"). First Alamogordo Bancorp of Nevada, Inc. d/b/a First National Bank ("FNB") objects to the removal of the State Court Action, arguing, among other things, that the Removal Notice was not timely, and that the Court should exercise its equitable authority under 28 U.S.C. § 1452(b) to remand this adversary proceeding to the State Court.[1] For the reasons explained below, the Court finds and concludes that the Removal Notice was untimely and that this adversary proceeding should be remanded to State Court.

## PROCEDURAL HISTORY AND BACKGROUND FACTS

Twin Pines filed a voluntary petition under chapter 11 of the Bankruptcy Code on February 12, 2019.[2] Pre-petition, on August 30, 2017, Richard Aguilar commenced the State Court Action seeking to foreclose a judgment lien against real property owned by Twin Pines.[3] On October 2 2017, FNB asserted cross-claims against Twin Pines and John Pacheco, and a third-party complaint against Michael W. Bowen, Jason E. Edmister, Valorie Edmister, and Andrea Pacheco in the State Court Action.[4] The cross-claim against John Pacheco, and the third-party complaint against Michael W. Bowen, Jason Edmister, Valorie Edmister, and Andrea Pacheco, are based on those individuals' personal guarantees of Twin Pines' indebtedness to FNB.[5]

---

[1] *See* First National Bank's Motion for Remand and for Abstention ("Motion for Remand" - Doc. 7); Memorandum Brief in Support of First National Bank's Motion for Remand and for Abstention (Doc. 8).
[2] *See* Bankruptcy Case No. 19-10295-j11(Doc. 1).
[3] *See* Complaint for Foreclosure filed in the State Court Action on August 30, 2017 (Doc. 1-5, pp. 29 - 35).
[4] *See* Defendant, First National Bank's Answer to Plaintiff's Complaint for Foreclosure; Counterclaim, Cross-Claim, and Third-Party Complaint (Doc. 1-4, pp. 2 – 101).
[5] *Id.*

-2-

The State Court Action was stayed upon the filing of Twin Pines' bankruptcy case. Twin Pines confirmed a subchapter V plan on December 31, 2021.[6] Under the terms of the confirmed plan, Twin Pines was required to pay FNB's secured claim.[7] After completion of Twin Pines' bankruptcy case, Twin Pines was dismissed from the State Court Action on March 29, 2024.[8]

On February 19, 2025, the State Court set a bench trial in the State Court Action on April 21, 2025.[9] A revised pretrial order was entered in the State Court Action on April 21, 2025.[10] The State Court conducted a bench trial in the State Court Action on April 21, 2025.[11] Thirty-seven exhibits were admitted at the bench trial.[12] No other evidence was presented at the bench trial.[13]

Following the bench trial in the State Court Action, the parties submitted closing briefs and proposed findings of fact and conclusions of law in the State Court Action. Third-party defendants John Pacheco, Andrea Pacheco and Jason Edmister filed a closing brief and proposed findings of fact and conclusions of law in the State Court Action on April 28, 2025.[14] FNB filed proposed findings of fact and conclusions of law in the State Court Action on April 21, 2025, and filed revised, post-trial proposed findings of fact and conclusions of law on April 28, 2025.[15]

Also on April 28, 2025, Twin Pines filed a motion to reopen its bankruptcy case "for the purpose of reviewing and interpreting matters relating to the Plan and the loan agreements . . .

---

[6] *See* Bankruptcy Case No. 19-10295-j11 (Doc. 412).
[7] *See* Bankruptcy Case No. 19-10295-j11 (Docs. 268, 318, 368, 390, and 401).
[8] *See* State Court Action – Order of Dismissal entered March 29, 2024.
[9] *See* State Court Action – Notice of Hearing filed February 19, 2025, setting bench trial on April 21, 2025.
[10] *See* State Court Action – Revised Pretrial Order entered April 21, 2025.
[11] *See* Audio Log from Bench Trial (Doc. 16-2).
[12] *Id.*
[13] *Id.*
[14] *See* Closing Brief of Third Party Defendants John Pacheco, Andrea Pacheco, and Jason Edmister (Doc. 1-1, pp. 1-10); Third Party Defendants John Pacheco, Andrea Pacheco, and Jason Edmister's Proposed Findings of Fact and Conclusions of Law (Doc. 1-1, pp. 23-26).
[15] *See* First National Bank's Request and Proposed Findings of Fact and Conclusions of Law (Doc. 1-4, pp.112-135); First National Bank's Request and Post-Trial, Revised, Proposed Findings of Fact and Conclusions of Law (Doc. 1-5, pp. 103 – 131).

and adjudicating the claims of FNB that have been raised in the State Court Action."[16] The Court reopened Twin Pines' bankruptcy case on April 30, 2025.[17] On May 7, 2025, John Pacheco, Andrea Pacheco, and Jason Edmister filed a motion in the State Court Action seeking to stay the State Court Action while Twin Pines returned to this Court so this Court, rather than the State Court, could decide the issues that FNB raised in the State Court Action.[18] On May 12, 2025, FNB filed a written rebuttal to the third-party defendants' closing argument in the State Court Action.[19]

Twin Pines filed the Removal Notice on May 18, 2025.[20] FNB filed its Motion for Remand on May 30, 2025.[21] Twin Pines objected to the Motion to Remand,[22] and FNB filed a reply.[23] Because Twin Pines is no longer a party to the State Court Action, the parties briefed as a threshold issue whether Twin Pines has standing to remove the State Court Action.[24] Upon FNB's request,[25] the Court heard oral argument and took the matter under advisement. With the parties' consent, the Court took judicial notice of the docket and documents filed on the docket in the State Court Action, Twin Pines' bankruptcy case, and this adversary proceeding.

---

[16] *See* Bankruptcy Case No. 19-10925-j11 (Doc. 469).
[17] *See* Bankruptcy Case No. 19-10925-j11 (Doc. 470).
[18] *See* Third Party Defendants John Pacheco, Andrea Pacheco, and Jason Edmister's Motion to Stay (Doc. 1-1, pp. 30 – 33).
[19] *See* First National Bank's Rebuttal to Defendants' Closing Argument (Doc. 1-5, pp. 1 – 16).
[20] Doc. 1.
[21] Doc. 7.
[22] Doc. 12.
[23] Doc. 13.
[24] *See* Order Resulting from Status Conference (Doc. 15); Debtor's Threshold Issue Opening Brief (Doc. 16); Memorandum Brief and Response to Debtor's Threshold Issue Opening Brief [Doc. 16] (Doc. 18); and Debtor's Threshold Issue Reply Brief (Doc. 19).
[25] *See* First National Bank's Request for Hearing and Oral Argument on Threshold Issue of Standing and Jurisdiction (Doc. 20).

DISCUSSION

Removal of claims related to bankruptcy cases is governed by 28 U.S.C. § 1452, which provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).[26]

Bankruptcy Rule 9027 governs the procedure for removal of civil actions to bankruptcy court. If the civil cause of action is pending at the time a bankruptcy case is commenced,

> [T]he notice of removal must be filed within the longest of these periods;
> (A) 90 days after the order for relief in the bankruptcy case;
> (B) if the claim or cause of action has been stayed under § 362, 30 days after an order terminating the stay is entered; or
> (C) in a Chapter 11 case, 30 days after a trustee qualifies-but no later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

Removal of a civil action to the bankruptcy court under 28 U.S.C. § 1452(a) has a jurisdictional requirement. *See* 28 U.S.C. § 1452(a) (providing for removal "*if* such district court has jurisdiction of such claim or cause of action under section 1334 of this title.") (emphasis

---

[26] Under 28 U.S.C. § 157(a), "proceedings arising under title 11 or arising in or related to a case under title 11" are automatically referred by the district court to the bankruptcy court. Consequently, under the automatic referral provision of 28 U.S.C. § 157(a), a proceeding that is related to a bankruptcy case and removed to the district court under 28 U.S.C. § 1452(a) automatically commences a proceeding before the bankruptcy court. *See Herrera v. Gonzales (In re Herrera)*, 472 B.R. 839, 851 n.16 (Bankr. D.N.M. 2012) ("[T]he phrase 'removed to the bankruptcy court' [is] shorthand for the process which requires removal of an action to the United States District Court pursuant to 28 U.S.C. § 1452(a) and then an automatic referral of the action to the United States Bankruptcy Court pursuant to the district's standing order of referral and 28 U.S.C. § 157(a)."); *Stonex Commodity Sols., LLC v, Bunkley*, No. AP 23-1047-J, 2024 WL 137184, at *3 (Bankr. D.N.M. Jan. 8, 2024) (explaining that state court proceedings removed "directly" to bankruptcy court combines two components: "removal to the federal district court pursuant to [28 U.S.C.] § 1452 and the automatic referral of the removed proceeding by the federal district court to the bankruptcy court.").

added); *Personette v. Midgard Corp. (In re Midgard Corp.)*, 204 B.R. 764, 772-73 (10th Cir. BAP 1997) ("If it lacked jurisdiction, the Bankruptcy Court was required as a matter of law to remand the State Court action because removal under 28 U.S.C. § 1452(a) is contingent on jurisdiction under 28 U.S.C. § 1334."). However, even if the Court were to assume, without deciding, that it has jurisdiction over this adversary proceeding, [27] a procedural removal defect is a sufficient grounds for remand under 28 U.S.C. § 1452(b). *See Billington v. Winograde (In re Hotel Mt. Lassen, Inc.)*, 207 B.R. 935, 942 (Bankr. E.D. Cal. 1997) ("[E]quitable grounds [for remand] . . . include procedurally defective removals." (citing 2 Collier on Bankruptcy ¶3.07[5], at 3-85 (Lawrence P. King et al. eds., 15th ed. rev. 1996))) .

Under 28 U.S.C. § 1452(b), "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). Remand under 28 U.S.C. § 1452(b) is known as "equitable remand." *See HRV Santa Fe, LLC v. Wolf*, No. AP 24-1002-T, 2024 WL 2836939, at *14 (Bankr. D.N.M. June 4, 2024) ("[Section] 1452(b) is the equitable remand statute[.]"), *appeal dismissed sub nom*. *HRV Santa Fe, LLC v. Juniper BL Holdco, LLC*, No. CV 24-0657 KG-GBW, 2025 WL 844174 (D.N.M. Mar. 18, 2025).

The State Court Action was pending at the time Twin Pines commenced its chapter 11 bankruptcy case. Twin Pines filed the Removal Notice on May 18, 2025, more than six years after

---

[27] FNB contends that this Court lacks jurisdiction over the removed State Court Action because resolution of the parties' dispute can have no effect on Twin Pines' bankruptcy estate; consequently, FNB concludes that this adversary proceeding does not fall within this Court's "non-core," "related to" jurisdiction. *See* 28 U.S.C. § 1334(b) (jurisdictional statute); 28 U.S.C. § 157(c)(1) ("A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11."). Twin Pines counters that because resolution of the parties' disputes would require interpretation of Twin Pines' confirmed subchapter V plan, the confirmation order, and other orders entered in Twin Pines' bankruptcy case, and because the claims in the State Court Action will impact the ability of Twin Pines to continue its business operations and fulfill its obligations to creditors under the plan, the removed State Court Action is a "core" matter under 28 U.S.C. § 157(b)(2), over which this Court has jurisdiction under 28 U.S.C. § 1334.

Twin Pines commenced its bankruptcy case, and nearly two and a half years after the entry of the Final Decree and Order Closing Case Twin Pines' bankruptcy case,[28] which is long after any of the deadlines fixed in Fed. R. Bankr. P. 9027(a) had expired. Twin Pines contends that the deadlines in Fed. R. Bankr. P. 9027 do not apply to the removal of the State Court Action because Twin Pines could not have reasonably anticipated that FNB would seek to use the State Court Action as a means to request the State Court to interpret the terms of Twin Pines' confirmed plan, the confirmation order, and other orders entered in the bankruptcy case.[29] Twin Pines points out that FNB only recently sought a judgment in the State Court Action against the non-Debtor defendant guarantors of Twin Pines' obligations. This Court disagrees with Twin Pines position that the deadlines in Fed. R. Bankr. P. 9027 do not apply to the removal of the State Court Action under the circumstances.

Twin Pines's contention that the deadlines for timely removal should not apply because FNB only recently re-engaged in the litigation against the guarantors in the State Court Action, or that FNB's recent activity in the State Court Action somehow excuses Twin Pines from the time constraints in Fed. R. Bankr. P. 9027, is not a valid reason for its failure to comply with the procedural bankruptcy removal requirements fixed in the rule. Although it may be possible to extend the time constraints for filing a notice of removal under Fed. R. Bankr. P. 9027 based on a

---

[28] *See* Final Decree and Order Closing Bankruptcy Case entered December 9, 2022 (Bankruptcy Case No. 19-10295-j11 – Doc. 449). Twin Pines' bankruptcy case was reopened in November of 2023 (Bankruptcy Case No. 19-10295-j11 – Doc. 452) for the purpose of allowing Twin Pines' bankruptcy counsel to obtain a transcript of judgment for outstanding fees (Bankruptcy Case No. 19-10295-j11 – Doc. 450) and re-closed on January 16, 2025. Twin Pines filed Debtor's Motion for an Order Reopening Case (Bankruptcy Case No. 19-10295-j11 – Doc. 469) on April 28, 2025, for the purpose of removing and adjudicating the claims asserted in the State Court Action.
[29] *See* Doc. 12.

showing of excusable neglect under Fed. R. Bankr. P. 9006(b)(1),[30] Twin Pines has neither alleged, nor demonstrated that its failure to timely file the Removal Notice was the result of excusable neglect.[31] To the contrary, the record in the State Court Action establishes that Twin Pines waited to file its Removal Notice until after the State Court held a bench trial on the claims against the guarantors, including John Pacheco, Andrea Pacheco, and Jason Edmister, and until after FNB and John Pacheco, Andrea Pacheco, and Jason Edmister had filed post-trial briefs and requested findings of fact and conclusions of law in the State Court Action and the matter was under advisement by the State Court.

On February 19, 2025, the State Court set a bench trial on FNB's claims against the guarantors for April 21, 2025.[32] On April 21, 2025, State Court entered a revised pretrial order and conducted a bench trial on the claims at which 37 documents were admitted into evidence and the State Court heard closing arguments.[33] Following the bench trial, the parties, including FNB, John Pacheco, Andrea Pacheco and Jason Edmister, submitted proposed findings of fact and conclusions of law and filed post- closing briefs on April 21, 2025, April 28, 2025, and May 12, 2025.[34] The

---

[30] *See Woods v. Passodelis (In re Passodelis)*, 234 B.R. 52, 60 (Bankr. W.D. Pa. 1999) ("[I]f excusable neglect is demonstrated, the time constraints in Fed. R. Bankr. P. 9027(a)(2) may be relaxed pursuant to Fed. R. Bankr. P. 9006(b)(1).").

[31] Under Fed. R. Bankr. P. 9006(b)(1), "when these rules . . . require[ ] or allow[ ] an act to be performed . . . within a specified period . . . . the court may—at any time and for cause—extend the time to act if . . . the failure to act within that period resulted from excusable neglect."). Whether a late filing is due to excusable neglect is an "equitable inquiry," in which the court considers all "relevant circumstances surrounding the party's omission" including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 389, 395 (1993). Late filings may be accepted under the excusable neglect standard of 9006(b)(1) when the untimeliness was "caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.* at 388.

[32] *See* State Court Action – Notice of Hearing filed February 19, 2025.

[33] *See* State Court Action – Revised Pretrial Order entered April 21, 2025; Audio Log from Bench Trial (Doc. 16-2).

[34] *See* First National Bank's Request and Proposed Findings of Fact and Conclusions of Law filed April 21, 2025 (Doc. 1-4, pp. 112- 135); Closing Brief of Third Party Defendants John Pacheco, Andrea Pacheco and Jason Edmister filed April 28, 2025 (Doc. 1-1, pp. 1 – 10); Third Party Defendants John

matter was then under advisement by the State Court. Yet Twin Pines waited until May 18, 2025, to file Removal Notice; after the conclusion of the bench trial, after the parties in the State Court Action filed post-trial briefs and submitted proposed findings of fact and conclusions of law for the State Court's consideration, and after the matter was under advisement by the State Court.

Equitable remand under 28 U.S.C. § 1452(b) is appropriate. The Removal Notice was untimely, and FNB promptly asserted a timeliness defect in Twin Pines' removal procedure.[35] *See In re Solano*, BAP No. CC-19-1258-GFS, 2020 WL 4280662, at *4 (9th Cir. BAP July 24, 2020) ("Debtor's failure to comply with the removal deadline would necessitate remand under the nonbankruptcy removal statutes, and therefore, remand is within the 'any equitable ground' standard of 28 U.S.C. § 1452(b).") (unpublished), *aff'd,* 854 F. App'x 781 (9th Cir. 2021); *In re Parker*, BAP No. EC-19-1079-BSF, 2020 WL 710368, at *3-4 (9th Cir. BAP Feb. 11. 2020) (unpublished) (because an untimely removal is defective, the bankruptcy court had no choice but to grant the request for remand that promptly raised the untimeliness defect; "[a]lternatively, the untimely removal . . . provided an 'equitable ground' for remand under 28 U.S.C. § 1452(b)."); *El Lano Co. v. Summit Inv. Co. (In re Potter)*, No. AP 06-1138-M, 2007 WL 1672181, at *3 (Bankr. D.N.M. June 6, 2007) ("[F]ailure to remove in a timely fashion is an 'equitable ground' for remand under section 1452(b)[.]" (quoting 1 Collier on Bankruptcy ¶ 3.07[6][a] (Alan N. Resnick and Henry J. Sommer, eds., 15th ed. 2006))); *In re Glen Eagle Square, Inc.*, No. 91-0304S, 1991 WL 111490, at*1 (Bankr. E.D. Pa. June 20, 1991) (untimeliness of removal "constitutes a strong 'equitable ground' for remand [under 28 U.S.C. § 1452(b)].").

---

Pacheo, Andrea Pacheco, and Jason Edmister's Proposed Findings of Fact and Conclusions of Law filed April 28, 2025 (Doc. 1-1, pp. 23 – 26); First National Bank's Request and Post-Trial, Revised, Proposed Findings of Fact and Conclusions of Law filed April 28, 2025 (Doc. 1-5, pp. 103 - 131); and First National Bank's Rebuttal to Defendants' Closing Argument filed May 12, 2025 (Doc. 1-5, pp. 1 – 16).
[35] *See* Doc. 7 and Doc. 8.

The Court has considered factors relevant to equitable remand[36], giving particular weight to judicial economy, the presence of the State Court proceeding, the status of the State Court proceeding at the time of removal, the timeliness of the Removal Notice, and whether the Removal Notice involved forum shopping given the litigation occurring in the State Court Action in the months preceding removal.

In the Court's exercise of its discretion, the Court concludes that equitable remand under 28 U.S.C. § 1452(b) is appropriate. Because the untimeliness of the removal and other equitable considerations warrant remand, the Court need not also consider whether Twin Pines had standing to remove the State Court Action to this Court.

---

[36] Nonexclusive remand factors the Court may consider include:
1. The effect of abstention and remand on the administration of the bankruptcy estate, including whether claims could be timely adjudicated in state court to meet the needs of the bankruptcy case;
2. The extent to which state law issues predominate over bankruptcy issues;
3. The difficult or unsettled nature of the applicable law;
4. Whether abstention and remand serves principles of judicial economy;
5. The presence of a related proceeding commenced in state court or another non-bankruptcy court;
6. The feasibility of severing non-core state law claims from core bankruptcy claims;
7. The jurisdictional basis for the bankruptcy court to hear the claims in the removed proceeding, if any, other than 28 U.S.C. § 1334;
8. Whether the removed proceeding is a core proceeding;
9. The likelihood that commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
10. The existence of a right to jury trial;
11. The presence of non-debtor parties;
12. The burden the proceeding places on the bankruptcy court's docket;
13. Whether remand lessens the possibility of inconsistent results;
14. Whether the court where the action originated has greater expertise;
15. The status of the proceeding in the state court prior to removal and the status of the proceeding in bankruptcy court; and
16. Whether the nature of the proceeding better suited for state court or bankruptcy court.

*Bright Green Corp. v. Fikany (In re Bright Green Corp.)*, 671 B.R. 280, 292 (Bankr. D.N.M. 2025).

CONCLUSION

For the reasons stated above, the Court will enter an order remanding this adversary proceeding to the State Court.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: February 4, 2026

COPY TO:

Rebekah Anne Courvoisier
Attorney for First Alamogordo Bancorp of Nevada, Inc.
Courvoisier Law, LLC
P.O. Box 5
Santa Fe, NM 87504

Gerald R Velarde
Velarde & Yar
Attorney for Twin Pines, LLC
PO Box 11055
Albuquerque, NM 87192

Joseph Yar
Attorney for Twin Pines, LLC
Velarde & Yar
4004 Carlisle Blvd NE, Suite S
Albuquerque, NM 87107